IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

        Plaintiff,                  No. CIV S-05-0280 LKK CMK P

       vs.

J. YENTES, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner, without counsel, prosecuting this civil rights action against defendants Yentes, Delahuerta, and DonDiego. The case is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations on defendants' motion for summary judgment. Fed. R. Civ. P 56(c).

**I.    Standard of Review**

       On a motion for summary judgment pursuant to Rule 56(c), the court must accept the evidence of the non-moving party as true and draw all reasonable inferences of fact in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P 56(c)). If the moving party

1

meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact does actually exist. See Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue of material fact. See Mosher v. Saalfeld, 589 F.2d 438, 422 (9th Cir. 1978)(involving a pro se litigant); see also Anderson, 477 U.S. at 586 n. 11. When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587.

On April 13, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

## I.   Background

Taken in a light most favorable to plaintiff, the facts are as follows. On October 23, 2003, plaintiff went into the medical clinic and knocked on the door. Due to having an emergency, plaintiff opened the door without a response to his knock. Plaintiff informed defendant Yentes that he felt he was going to have a seizure. Defendant Yentes directed plaintiff to sit down; however plaintiff was too weak, so he lay down on the floor. Nurse Delahuerta assessed plaintiff's vital signs and found no evidence of seizure activity. Defendants Yentes and Delahuerta mistakenly believed that plaintiff was not about to have a seizure. Defendant Yentes told plaintiff that there was nothing wrong with him, and plaintiff left the medical clinic. On the walk back to his unit, plaintiff was staggering, and required the assistance of another inmate.

Soon after, defendant Yentes received a call that there was an inmate down, possibly due to a seizure and that the inmate needed assistance. When defendant Yentes responded, he evaluated plaintiff and mistakenly believed nothing was wrong; however plaintiff was placed into a wheelchair and brought back to the medical clinic for further evaluation. At the clinic, plaintiff did not exhibit any signs of seizure activity. Defendant Yentes ordered plaintiff to

return to his unit.

After the incident, defendant Yentes wrote a rules violation, charging plaintiff with delaying a peace officer in the performance of his duties. On December 22, 2003, defendant DonDiego conducted a disciplinary hearing on the charges. Plaintiff did not request witnesses at the hearing but asked that defendant Yentes be present. Plaintiff questioned defendant Yentes during the hearing. Plaintiff states that defendant DonDiego refused to allow him to present certain evidence during the hearing. Plaintiff was found guilty at the hearing and denied yard and phone privileges for a month.

Plaintiff asserts that defendants Yentes and Delahuerta falsely accused him of faking seizures. Plaintiff appears to allege that defendant Yentes violated his constitutional rights by filing a false disciplinary claim against him. Plaintiff states that defendant DonDiego violated his Fourteenth Amendment due process rights at his disciplinary hearing by refusing to let plaintiff present evidence. Plaintiff further contends that, as a result of defendants Yentes's and Delahuerta's belief that he was malingering, they denied him adequate medical care in violation of the Eighth Amendment.

**III.   Discussion**

Defendants argue that they are entitled to summary judgment on each of plaintiff's claims. Plaintiff has filed a very lengthy opposition to defendants' motion for summary judgment.

    A.   <u>False Disciplinary Claim and Failure to Afford Due Process at Disciplinary Hearing</u>

Because plaintiff's claim that defendant Yentes violated his constitutional rights by filing a false disciplinary claim against him hinges on a determination of whether plaintiff was afforded the required due process at his disciplinary hearing, the court addresses these claims together.

        The filing of a false disciplinary action against an inmate is not a per se civil rights violation. There are, however, two ways that allegations that an inmate has been subjected to a false claim can state a cognizable civil rights claim. The first is when the inmate alleges that the false report was retaliatory. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); Newsome v. Norris, 888 F.2d 371, 377 (9th Cir. 1989). The second is when the inmate is not afforded the procedural due process required by the due process clause in connection with the issuance and hearing of disciplinary reports. See Newsome, 888 F.2d at 377; see also, Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984)(claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).

        Here, there are no allegations that the allegedly false report was retaliatory. Plaintiff contends only that the report was false. Plaintiff does allege that he was denied procedural due process at the disciplinary hearing that resulted in his conviction. Therefore, a determination of whether defendant Yentes violated plaintiff's civil rights hinges on whether plaintiff was afforded proper procedural due process at his December disciplinary hearing.

        Prisoners charged with disciplinary infractions do not enjoy the full panoply of rights afforded criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner has received due process at his disciplinary hearing if the following requirements are met: (1) written notice of the charges against him at least twenty-four hours prior to the hearing; (2) the right to appear before an impartial hearing body; (3) the right to call witnesses and present documentary evidence; and (4) a written statement of the reasons for the disciplinary action taken. See id. At 564-571. The disciplinary decision must be supported by some evidence in the record. See Burnsworth v. Gunderson, 179 F.3d 771, 774-775 (9th Cir. 1999).

        It is undisputed that plaintiff received written notice of his disciplinary hearing twenty-four hours prior to the hearing, that plaintiff appeared before an impartial hearing body and that plaintiff received a written statement outlining the reasons for the disciplinary action taken

1 against him. (Def.'s Statement of Undisputed Facts, Ex. A-1, 18.)   The issue here is whether
2 plaintiff was afforded the right to present documentary evidence at his hearing.

3          Plaintiff has not established a genuine issue of material fact as to whether he was
4 denied proper due process at his hearing by not being allowed to present evidence. The hearing
5 officer at a disciplinary hearing has the right to limit the admission of documentary evidence to
6 avoid irrelevant evidence. See Wolff, 418 U.S. at 566.  Plaintiff states that, at his hearing,  he
7 attempted to introduce evidence that his seizure disorders exist. (Pl's Statement of Disputed Facts,
8 pg. 5[1].)  Plaintiff alleges that the hearing officer, defendant DonDiego, refused to accept
9 documents describing his seizure disorder.  (See id.)

10          The record here shows that the crux of the disciplinary hearing was the charge that
11 plaintiff delayed a peace officer in the performance of his duties by his behavior on October 23,
12 2003. (Def.'s Statement of Undisputed Facts, Ex. A-1, 18.)  Specifically, plaintiff was charged
13 with entering the medical clinic without knocking, demanding to be placed in the infirmary
14 because he had seizures, laying on the floor, threatening to call in a false man down claim and then
15 actually calling in a false man down claim. (See id at 20.) It was within the right of the hearing
16 officer, defendant DonDiego to refuse to accept plaintiff's documents which consisted of
17 "information he was describing to his doctor as to symptoms he allegedly suffers" not
18 documentation from his physicians describing his disorder  (Def.'s Statement of Undisputed Facts,
19 Ex. A-1, 20.)

20          This evidence was not relevant to explain plaintiff's alleged behavior on October
21 23, 2003–barging into the medical clinic, laying on the floor and threatening to force defendant
22 Yentes to respond to a man down call if plaintiff was not admitted to the infirmary, which
23 interfered with defendant Yentes's ability to assist other inmates.  The court concludes that the
24 decision to exclude plaintiff's preferred evidence did not violate plaintiff's right to procedural due

---

26          [1]For clarity's sake, the court notes that this is from doc. 47-1 at page 23 of 100.)

1 process.

2       The record also shows that the disciplinary decision was supported by some
3 evidence in the record.  See Burnsworth, 179 F.3d at 774-775.  Defendant DonDiego based his
4 decision, in part, on plaintiff's own testimony that he returned to his housing unit by walking there
5 on his own.  Defendant DonDeigo also noted that plaintiff had provided no justification for his
6 behavior on October 23, 2003.

7       The undersigned finds that plaintiff has not demonstrated that he was denied due
8 process at his December 2003 disciplinary hearing.  Therefore, the undersigned finds that plaintiff
9 has not established a cognizable Fourteenth Amendment claim against defendant DonDiego.  As
10 plaintiff cannot establish a due process violation, his claim against defendant Yentes for filing an
11 allegedly false disciplinary claim must also fail.  The undersigned recommends that defendants be
12 granted summary judgment on these two claims.

13     B.    <u>Eighth Amendment Claim</u>

14       To establish an Eighth Amendment violation for improper medical care, a prisoner
15 must show deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97
16 (1976)  Deliberate indifference to a prisoner's medical needs can be demonstrated in two ways: by
17 prison officials denying, delaying or intentionally interfering with medical treatment or by the
18 manner in which prison physicians provide medical care. See Estelle, 429 U.S. at 105; Hutchinson
19 v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Deliberate indifference exists only when
20 prison officials know of and disregard an excessive risk to inmate health or safety. See Farmer v.
21 Brennan, 511 U.S. 825, 837 (1994); see also, McGuckin v. Smith, 947 F.2d 1050, 1060 (9th Cir.
22 1992) (overruled on other grounds) (stating that "a defendant must purposefully ignore or fail to
23 respond to a prisoner's pain or possible medical need in order for deliberate indifference to be
24 established").  The indifference to a prisoner's medical need must be substantial because
25 inadequate treatment due to negligence, inadvertence or differences in judgment between an
26 inmate and medical personnel does not rise to the level of a constitutional violation.  See Franklin

v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). A prisoner who makes a claim of deliberate indifference to a serious medical condition based on delay must show that the delay resulted in substantial harm. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Mere delay in medical treatment, without more, is not enough to state a claim of deliberate indifference. See Shapley v. Navada Bd of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985).

Plaintiff has not shown that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. The facts, taken in a light most favorable to plaintiff, reveal that when plaintiff entered the medical clinic on October 27, 2003, defendants Yentes and Delahuerta assessed plaintiff's vital signs. (Pl.'s Compl., Statement of Facts, 1-3.) Defendants informed plaintiff that there was no sign of seizure activity. Plaintiff then left the clinic. (See id.) When defendant Yentes received a call a short time later regarding plaintiff having a seizure, he responded. (See id.) Plaintiff was brought to the medical unit and observed; however no seizure activity was ever detected. (See id.) The continuing response to plaintiff's complaints of seizures indicates that defendants were not disregarding plaintiff's medical complaints, though they were not responding in the way plaintiff expected. Taken in a light most favorable to plaintiff, the facts asserted show that defendants were negligent in disbelieving that he had seizures and that they may have delayed his treatment. However, plaintiff has not shown that the delay lead to any substantial harm to him, Wood, 900 F.2d at 1335, and inadequate treatment due to negligence or inadvertence does not rise to the level of a constitutional violation. Franklin, 662 F.2d at 1344.

Accordingly, the undersigned finds that plaintiff has failed to establish that his Eighth Amendment rights were violated and recommends that defendants be granted summary judgment on this claim.

    C.    Qualified Immunity

Defendants contend that they are entitled to qualified immunity from plaintiff's § 1983 claims. The first step in a qualified immunity analysis "is to consider the materials submitted in support of, and in opposition to, summary judgment in order to decide whether a constitutional

7

right would be violated if all facts are viewed in favor of plaintiff." Jeffers v. Gomez, 267 F.3d 895, 909 (9th Cir. 2001). If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

As discussed above, the undersigned finds that plaintiff has failed to establish a violation of his procedural due process or Eighth Amendment rights. Accordingly, defendants are entitled to qualified immunity on these claims.

## IV.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that defendants' motion for summary judgment be granted in its entirety and that plaintiff's Eighth Amendment and Fourteenth Amendment procedural due process claims be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   June 22, 2006.

  
  
**CRAIG M. KELLISON**  
UNITED STATES MAGISTRATE JUDGE