IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,

    Plaintiff,                  No. CIV S-05-0280 LKK CMK P

    vs.

J. YENTES, et al.,

    Defendants.              <u>**FINDINGS & RECOMMENDATIONS**</u>

_____/

        Plaintiff, Robert Tunstall, filed this civil rights action on February 11, 2005. His complaint alleged that defendants Yentes and Delahuerta falsely accused him of faking seizures and denied him adequate medical care in violation of the Eighth Amendment. He also alleged that defendant DonDiego violated his Fourteenth Amendment right to due process by denying him the opportunity to present evidence of his seizure disorder at a disciplinary hearing.

I.    <u>Procedural Background</u>

        Defendants moved for summary judgment on plaintiff's claims. By findings and recommendations filed June 23, 2006, the undersigned recommended that defendants' motion be granted in its entirety. On September 28, 2006, the District Court Judge adopted the findings and recommendations in part, but declined to adopt the recommendation granting summary judgment on plaintiff's due process claim. In light of the District Judge's order, the undersigned granted

1

the parties an opportunity to present further briefing on the issue of whether plaintiff would have been subject to discipline even if it were clearly established that he was experiencing an actual seizure at the time of his disruptive behavior.

Defendants submitted additional briefing on this issue on February 2, 2007. Plaintiff has not submitted additional briefing, nor has he requested an extension of time to do so. The undersigned now considers whether defendants are entitled to summary judgment on plaintiff's due process claim.

II.     Standard of Review

On a motion for summary judgment pursuant to Rule 56(c), the court must accept the evidence of the non-moving party as true and draw all reasonable inferences of fact in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P 56(c)). If the moving party meets its burden, the burden then shifts to the non-moving party to establish that a genuine issue as to any material fact does actually exist. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue of material fact. Mosher v. Saalfeld, 589 F.2d 438, 422 (9th Cir. 1978)(involving a pro se litigant); see also Anderson, 477 U.S. at 586 n. 11. When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact for trial. Matsushita, 475 U.S. at 587.

On March 18, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

///

III.   Factual Background

Because the parties are familiar with the background here, the court will recite a shortened version of the facts. On October 23, 2003, plaintiff entered the prison medical clinic, informed medical personnel that he felt he was going to have a seizure and laid down on the floor. Medical personnel assessed plaintiff and found no signs of seizure activity. Plaintiff left the medical clinic. Although he was walking, he required assistance from another inmate and was staggering.

Shortly after plaintiff returned to his unit, he required medical attention. Medical personnel responded; evaluated plaintiff; and found nothing wrong. Plaintiff was transported back to the medical clinic, where he was further evaluated. However, no signs of a seizure were found and plaintiff was ordered to return to his unit.

After the incident, plaintiff was charged with a rules violation for delaying a peace officer in the performance of his duties. The basis of the charge was that plaintiff's false report that he was experiencing a seizure caused medical personnel to stop attending to another inmate who required medical attention. Defendant DonDiego conducted the disciplinary hearing on the rules violation. Plaintiff alleges that defendant DonDiego did not allow plaintiff to present evidence during the hearing that he had earlier suffered a seizure disorder. Plaintiff was found guilty and denied yard and phone privileges for a month.

IV.   Discussion

The issue for the court's decision is whether plaintiff's right to present documentary evidence at his disciplinary hearing was violated.[1] Defendants assert that plaintiff's right to present documentary evidence was not violated because he was subject only to an administrative rules violation.

---

[1] Defendants assert that plaintiff does not allege that he was suffering from a seizure at the time of his allegedly disruptive behavior. The court cannot agree with this assessment. It is clear from plaintiff's pleadings that he contends that his seizures were real and that the disciplinary charges against him were therefore false. (Compl. at 3, ¶ 5.)

1  Prisoners are entitled to certain due process rights during disciplinary hearings.
2 Wolff v. McConnell, 418 U.S. 539, 556 (1974.)  They are entitled to (1) written notice of the
3 charges at least twenty-four hours prior to the hearing; (2) the right to appear before an impartial
4 hearing body; (3) the right to call witnesses and present documentary evidence; and (4) a written
5 statement of the reasons for the disciplinary action taken.  Id. at 564-571.
6  Defendants contend that these due process rights apply only to prisoners accused
7 of a serious rules violation, and because plaintiff was charged with an administrative rule
8 violation he was not entitled to the full array of due process rights set forth in Wolff, including the
9 right to present documentary evidence.
10  After a careful review of the record, the undersigned agrees.  Under prison
11 regulations, inmate misconduct is classified as an administrative violation if: (1) the misconduct
12 does not constitute a misdemeanor offense; (2) does not involve the use or threat of force or
13 violence against another person; (3) is not a breach of or hazard to facility security; (4) does not
14 constitute a serious disruption of facility operations; (5) does not involve the introduction or
15 possession of controlled substances or dangerous contraband; and (6) does not involve a felony
16 offense.  Cal. Code Regs. tit. 15, § 3314.  Inmates do not have the right to call witnesses or to
17 have an investigative employee assigned for administrative rule violation hearings.  Id.
18 Punishments for administrative violations include suspension of privileges for no more than a
19 thirty day period starting the date the rule violation report was adjudicated.  Id.  Additionally,
20 administrative rule violations are not considered in determining an inmate's suitability for parole.
21 Cal. Code Regs. tit. 15, § 2281.
22 ///
23 ///
24 ///
25 ///
26 ///

Here, plaintiff's misconduct fits the description of an administrative violation as did his punishment of a loss of yard and phone privileges for one month. Plaintiff was not subject to a loss of either good time credits or placement in administrative segregation. <u>Wolff</u>, 418 U.S. at 570-71, n. 1. Because plaintiff was charged with an administrative violation the undersigned finds that plaintiff's due process rights were not violated by his inability to present documentary evidence at his disciplinary hearing.

V. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that defendants motion for summary judgment on plaintiff's Fourteenth Amendment due process claim be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE