IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TUNSTALL,　　　　　　　　　　No. CIV S-05-0280-LKK-CMK-P

　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　　ORDER

J. YENTES, et al.,

　　　　Defendants.

_____/

　　　Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for reconsideration (Doc. 95).

　　　On February 26, 2007, the magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. On March 30, 2007, the court adopted the findings and recommendations, and granted the defendants' motion for summary judgment. Judgment was entered and this matter was closed on the same day. Plaintiff appealed this decision to the Ninth Circuit Court of Appeals. The appeal was dismissed for failure to prosecute on July 18, 2007. The pending motion was filed on April 11, 2008.[1]

---

[1] Plaintiff signed this "motion" on April 8, 2008, and it was filed on April 11, 2008. The motion was originally filed as a new action in case number 08cv0774 . On October 16, 2008, the

1

The court construes plaintiff's present motion as a motion for reconsideration on the basis of new evidence. See Doc. 95, 8 (plaintiff's Introduction). The court may grant reconsideration of a final judgment on the basis of new evidence under Federal Rules of Civil Procedure 59(e) and 60(b)(2). Regardless of which of these rules forms the basis for plaintiff's present motion, this motion is untimely.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment). The motion must be filed no later than ten days after entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff's motion was clearly untimely under this rule.

Under Rule 60(b)(2), the court may grant reconsideration of a final judgment and any order based on newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment. A motion for reconsideration on this ground (or any of the other grounds provided by Rule 60(b)(1)-(3)) must be brought within a reasonable time, and no later than one year of entry of judgment or the order being challenged. Fed. R. Civ. P. 60(c)(1).

Plaintiff's appeal of this court's March 30, 2007 order did not toll the expiration of this period. Corn v. Guam Coral Co., 318 F.2d 622, 630 (9th Cir. 1963) ("Federal Rule 60(b) does not take account of the pendency of an appeal in computing the maximum period during which a motion thereunder may be filed."); see also Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971) (appeal not resulting in substantial modification of district court order does not affect running of Rule 60(b) period), 11 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 2873 (2008).

---

court construed this filing as a motion for reconsideration, not a new complaint, as it contained a duplicate complaint of what was filed in this action, with the addition of "new facts" in support of the claims.

Accordingly, plaintiff's Rule 60(b)(2) motion was untimely. Judgment was entered on March 30, 2007. Under Rule 60(b)(2), a motion for reconsideration had to be filed on or before March 31, 2008. Plaintiff did not sign his motion for reconsideration until April 8, 2008, and the motion was filed either on that date or on April 11, 2008. On either of these dates, the motion was untimely.

For the reasons stated above, IT IS HEREBY ORDERED that the motion for reconsideration (Doc. 95) is denied as untimely.

DATED: March 16, 2009.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT